UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CAROLE PLAISIR,

    Plaintiff,

v.

EXPERT CARE NURSING REGISTRY, INC.
and MICHELLE ANN-MARIE GREY,

    Defendants.
_____/

## COMPLAINT

Plaintiff, CAROLE PLAISIR, (herein referred to as "Plaintiff" or "PLAISIR"), by and through her undersigned attorney, hereby files this Complaint against EXPERT CARE NURSING REGISTRY, INC. and MICHELLE ANN-MARIE GREY (hereinafter, "EXPERT CARE," and "GREY" respectively, and collectively, "Defendants"), and says:

### JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give

1

rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4.  Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5.  Plaintiff PLAISIR is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff PLAISIR was employed by Defendants as a home health aide. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6.  Defendant EXPERT CARE is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. EXPERT CARE has its principal place of business in Boynton Beach, Florida. Defendant EXPERT CARE has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7.  Defendant EXPERT CARE is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8.  Specifically, EXPERT CARE is a home healthcare agency and its employees, including PLAISIR, regularly handled goods which were transported across state lines.

9.  At all times material to this Complaint, Defendant EXPERT CARE and GREY has had two (2) or more employees who have regularly sold, handled, or otherwise worked on

goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant EXPERT CARE, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant GREY acted directly in the interest of her company as an owner/manager. Upon all available information, GREY set Plaintiff's appointments, the amount she was to charge for services rendered, and the pay she was to receive.

12. Defendants GREY and EXPERT CARE were "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

13. Plaintiff is a non-exempt employee of Defendants' and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

14. Plaintiff began working for Defendants in October 2016 and ended her employment in December, 2016. Throughout the course of her employment, Plaintiff was misclassified as an independent contractor.

15. At no point, however, was Plaintiff properly an independent contractor. Throughout Plaintiff's employment, Defendants exercised control over the amount Plaintiff charged for services and the amount Plaintiff received as pay. Defendants also scheduled all of Plaintiff's appointments. Further, Plaintiff's customers had to pay Defendants for the services rendered, rather than pay Plaintiff directly.

16. Plaintiff began working for Defendants in October 2016. At that time and throughout her employment, Plaintiff was to be paid by Defendants at a rate of $140/day. Plaintiff worked twenty-four hour shifts, often for multiple consecutive time frames.

17. In December 2016, Defendants failed to pay Plaintiff all monies due. Further, for some of the time, Plaintiff was not paid at all.

18. Plaintiff estimates she was not paid at all for eighteen (18) twenty-four hour shifts. At the rate of $140/day, Plaintiff is owed $2520.

19. However, $140/day for a twenty-four hour shift fails to meet minimum wage. Plaintiff is owed an additional base amount of $980.64 as the differential.

20. Plaintiff is further owed an estimated base amount of $3790.80 of unpaid overtime calculated at one-and-a-half times the rate of minimum wage.

21. Plaintiff therefore estimates that she is owed roughly $7,291.44 in unpaid wages.

22. Despite the fact that Plaintiff worked over 40 hours in a work-week, she was not paid overtime by Defendants.

23. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

24. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

### COUNT ONE – VIOLATION OF FLSA / OVERTIME
### (AGAINST ALL DEFENDANTS)

25. Plaintiff re-alleges and re-avers paragraphs 1–24 as fully set forth herein.

26. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act (29 U.S.C. §207) by employing Plaintiff, who was engaged in commerce, for workweeks longer than forty (40) hours without compensating her for

4

all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

27. Specifically, PLAISIR worked approximately 312 overtime hours during the course of her employment which commenced in October 2016.

28. Plaintiff was compensated by receiving $140/day during her employment though there were approximately eighteen days where Defendants failed to pay Plaintiff at all.

29. Plaintiff was not exempted from the overtime provisions of the FLSA in that she was considered by Defendants to be an independent contractor.

30. Alternatively, Defendants are not entitled to claim Plaintiff was exempt under Live-In Domestic Service Worker exemption to the FLSA because Defendants are third-party employers and the relevant time frame is after January 1, 2015.

31. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

32. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

33. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

34. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff PLAISIR demands judgment for:

      a)     Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

      b)     Interest on the amount found due;

      c)     Liquidated damages;

      d)     A jury trial on all issues so triable;

      e)     Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

      f)     Such other relief as the Court deems just and proper.

## COUNT TWO: VIOLATION OF FLSA / MINIMUM WAGE
## (AGAINST ALL DEFENDANTS)

35. Plaintiff re-alleges and re-avers paragraphs 1–24, as fully set forth herein.

36. During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at all for eighteen (18) twenty four hour shifts worked for Defendants. From October 2016 through December 2016, Plaintiff performed work for Defendants for which she was not paid.

37. The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

38. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff CAROLE PLAISIR requests judgment for:

a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) A jury trial on all issues so triable;

e) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

### COUNT THREE– FLORIDA'S MINIMUM WAGE LAW
### (AGAINST ALL DEFENDANTS)

39. Plaintiff re-alleges and re-avers paragraphs 1 – 24 as fully set forth herein.

40. This is an action for unpaid wages under Florida's Minimum Wage Law, pursuant to Florida Statute §448.10.

41. The Court has jurisdiction over this matter and venue is proper in this Court.

42. During the course of Plaintiff's employment with Defendants, Plaintiff worked hours for Defendants for which she was not compensated by Defendants.

43. Plaintiff made a written demand for her payments on or about March 3, 2017. Defendants failed to make any payments in accord with that demand.

44. As a direct result of Defendants' failure to pay Plaintiff, she has been damaged in the way of not receiving wages due her for work she performed on behalf of Defendant.

**WHEREFORE**, Plaintiff CAROLE PLAISIR requests judgment as follows:

a. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

    b. Liquidated damages;

    c. Assessment against Defendants of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

    d. Such other and further relief as the court deems proper.

## COUNT FOUR – QUANTUM MERUIT
## (AGAINST ALL DEFENDANTS)

45. Plaintiff re-alleges and re-avers paragraphs 1 – 24 as fully set forth herein.

46. Defendants failed to pay Plaintiff a reasonable amount for the services she rendered between October 2016 and December 2016. Specifically, Defendant failed to pay Plaintiff for eighteen (18) twenty four hour shifts during that period.

47. Plaintiff should be paid, at minimum, a reasonable value for her services rendered at that time.

48. During the relevant time frame, Defendants knew that Plaintiff was performing home health aide services and allowed her to continue working. In fact, Defendants set scheduled most, if not all, of the clients seen by Plaintiff during the relevant time.

49. Defendants knew that Plaintiff expected to be compensated. Defendants knew that Plaintiff was not a volunteer and had previously compensated Plaintiff for her work.

50. At no point was there an agreement between Plaintiff and Defendants whereby Plaintiff would work for no pay.

51. Plaintiff has been damaged in that she has provided services for which Defendants did not pay.

**WHEREFORE**, Plaintiff CAROLE PLAISIR hereby demands judgment against Defendants for:

    a. A reasonable fee for her services rendered based on evidence;

    b. Interest;

    c. Attorney's fees where available; and

    d. Any other relief this court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff CAROLE PLAISIR demands trial by jury for all issues contained herein so triable by law.

Dated: May 11, 2017

                       **EISS MASSILLON, P.L.**
                       Attorneys for Plaintiff
                       7951 SW 6th Street, Suite 308
                       Plantation, Florida 33324
                       (954) 914-7890 (Telephone)
                       (855) 423-5298 (Facsimile)

        By:    **/s/ Charles Eiss**
                       CHARLES M. EISS, Esq.
                       Fla. Bar #612073
                       Chuck@eissmassillon.com
                       LINDSAY M. MASSILLON, Esq.
                       Fla. Bar #92098
                       Lindsay@eissmassillon.com